# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BJORN IVERSON, | Case No. 23-CV-917 (NEB/LIB) |
| Plaintiff, | |
| v. | |
| CITY OF BROOKLYN CENTER; HENNEPIN COUNTY; BROOKLYN CENTER MAYOR MIKE ELLIOT, *in his individual and official capacity*; BROOKLYN CENTER POLICE DEPARTMENT INTERIM CHIEF TONY GRUENIG, *in his individual and official capacity*; HENNEPIN COUNTY SHERIFF DAVID P. HUTCHINSON, *in his official and individual capacity*; HENNEPIN COUNTY SHERIFF'S OFFICE CHIEF DEPUTY TRACEY MARTIN, *in her official and individual capacity*; MINNESOTA DEPARTMENT OF PUBLIC SAFETY COMMISSIONER JOHN HARRINGTON, *in his individual capacity*; MINNESOTA DEPARTMENT OF PUBLIC SAFETY ASSISTANT COMMISSIONER BOOKER HODGES, *in his individual capacity*; MINNESOTA STATE PATROL COLONEL MATTHEW LANGER, *in his individual capacity*; MINNESOTA STATE PATROL MAJOR JOSEPH DWYER, *in his individual capacity*; CRYSTAL POLICE CHIEF STEPHANIE REVERING, *in her official and individual capacity*; JOHN DOES # 1–100, *in their official and individual capacities*, | ORDER ON MOTIONS TO DISMISS |
| Defendants. | |

Bjorn Iverson's complaint spans 338 pages[1] with 1,215 paragraphs. (ECF No. 21.) He brings 13 claims against two local governmental entities, nine government officials, and 100 John Does. (*Id.*) A review of the complaint shows that it violates Rule 8(a) and (e) of the Federal Rules of Civil Procedure, which require a "short and plain statement of the claim[s]" and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a) and (e).[2] "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. Central Intel. Agency*, 355 F.3d 661, 669 (D.C. Cir. 2004).

Courts have found that complaints that are too long violate the short and plain statement rule. *See Michaelis v. Nebraska State Bar Assoc.*, 717 F.2d 437, 439 (8th Cir. 1983) (144 paragraphs and 98 pages); *Kuehl v. FDIC*, 8 F.3d 905, 908–09 (1st Cir. 1993) (358 paragraphs and 43 pages); *In re Westinghouse Secs. Litigation*, 90 F.3d 696, 703 (3d Cir. 1996) (more than 600 paragraphs and 240 pages). "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see also Reinholdson v. Minnesota*, 2002 WL 32658480 *2 (D. Minn. 2002) ("Judges are not like pigs, hunting for truffles buried in briefs [or Complaints].") (alteration in original) (citing *United States v.*

---

[1] 349 pages including attachments. (*See id.*; ECF No. 1-1.)

[2] Although Iverson is *pro se*, he must still comply with the Federal Rules of Civil Procedure. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996); *Am. Inmate Paralegal Ass'n v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988).

*Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). And "sharpening and limiting the issues" in the pleading stages is important to facilitate resolution at the final stage. *O'Donnell v. Elgin, Joliet & E. Ry. Co.*, 338 U.S. 384, 392 (1949).

The 338-page complaint is problematic because of its length alone. Courts may dismiss excessively wordy complaints because they "make[] it difficult for the defendant to file a responsive pleading and make[] it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (199-page, 385-paragraph complaint "violated the letter and the spirit of Rule 8(a)"); *see Michaelis*, 717 F.2d at 439 ("The style and prolixity of these pleadings would have made an orderly trial impossible."). Courts faced with such complaints must consider the "right of . . . defendants to be free from . . . costly and harassing litigation and the rights of litigants awaiting their turns to have other matters resolved." *Nevijel v. N. Coast Life Ins.*, 651 F.2d 671, 675 (9th Cir. 1981). Here, the complaint is so confused and sprawling that it places an unjustified burden on the responding party. *Roberto's Fruit Mkt., Inc. v. Schaffer*, 13 F. Supp. 2d 390, 395 (E.D. N.Y. 1998) ("[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." (citation omitted)).

And length is not the complaint's only problem. Iverson's complaint is a "kitchen-sink" or "shotgun" complaint—it brings "every conceivable claim against every

3

conceivable defendant."[3] *Gurman v. Metro Housing and Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011); *see Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 981 (11th Cir.2008) ("The unacceptable consequences of shotgun pleading are many."); *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) ("Shotgun pleadings are flatly forbidden by the spirit, if not the letter, of [Rules 8(a)(2) and 10(b)]" (citation omitted)). Complaints like the one in this case leave a court to comb through to attempt to identify what the actual claims are, against whom they are alleged, and whether they have legal support. This is "emphatically not the job" of the Court. *Gurman*, 842 F. Supp. 2d at 1153.

The Court will therefore dismiss plaintiff's complaint for failure to comply with Rule 8.

---

[3] Courts in this District often dismiss shotgun complaints. *See Gurman v. Metro Housing and Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011) ("This Court has repeatedly criticized the filing of 'kitchen-sink' or 'shotgun' complaints . . . ."); *Jackson v. FindJodi.com, Inc.*, No. 21-CV-1777 (SRN/LIB), 2021 WL 7542396, at *6 (D. Minn. Nov. 8, 2021), *report and recommendation adopted*, No. 21-CV-1777 (SRN/DTS), 2022 WL 336832 (D. Minn. Feb. 4, 2022), *aff'd sub nom. Jackson v. Find Jodi.com, Inc.*, No. 22-1652, 2022 WL 4455209 (8th Cir. June 1, 2022).

5

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motions to dismiss (ECF Nos. 24, 41, 68, 74, 98) are GRANTED; and

2. Iverson's complaint (ECF No. 21) is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 11, 2024                                  BY THE COURT:

                                                       s/Nancy E. Brasel
                                                       Nancy E. Brasel
                                                       United States District Judge